IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONALD L. GRIGGS, D.D.S., P. A., ET AL.                              PLAINTIFFS

VS.                      CASE NO. 4:07CV001193

MACK MCALISTER, ET AL.                                               DEFENDANTS

**ORDER**

Pending before the Court are plaintiffs' Motion to Remand and Alternative Motion to Conduct Discovery. For the reasons stated below, the alternative motion for discovery is granted in part (#21).

Plaintiffs filed their complaint in Pulaski County Circuit Court on November 21, 2007 alleging unlawful transactions involving the assets of the Donald L. Griggs, D.D.S., P.A. Pension Plan ("pension plan"), the Donald L. Griggs, D.D.S., P.A. Retirement Plan ("retirement plan"), and the Donald L. Griggs, D.D.S., P.A. Profit Sharing Plan ("profit sharing plan").

The complaint alleged that defendants Mack McAlister and McAlister & Associates, P.A. breached their fiduciary and professional duties as professional accountants, investment advisor, business and co-owners when they used funds from these three plans for personal use, or use with entities which McAlster held a personal financial interest, and that defendants McAlister, McAlister & Associates, P.A., Pryor Mountain Quarry, Inc., and Lake Area Fish House, Inc. misappropriated and converted over $600,000.00 from the pension plan and retirement plan.

1

Plaintiffs brought (1) a claim of conversion against all defendants; (2) claims of breach of fiduciary duty against McAlister's and McAlister and McAlister & Associates, P.A.; (3) a claim of fraud against McAlister; (4) a claim of civil conspiracy against all the defendants; (5) a breach of contract claim against McAlister, McAlister & Associates, P.A. and Pryor Mountain Quarry; and (6) a claim of unjust enrichment against Pryor Mountain Quarry and Lake Area Fish House. Finally plaintiff sought an accounting of all of plaintiffs' funds over which defendants had maintained control.

Defendants removed the complaint to federal court contending that plaintiffs' causes of action were related to an employee benefit plan and, therefore, were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Plaintiffs filed a motion to remand contending that the funds misappropriated are not governed by ERISA and the law suit does not seeks benefits under the plan, it only seeks recovery of plan assets on behalf of the plans.  Plaintiffs conceded that if their state law causes of action constituted actions by participants or beneficiaries to recover benefits due under an ERISA-covered plan, sought to enforce rights under an ERISA-covered plan, or sought to clarify rights under an ERISA-covered plan, that the doctrine of complete preemption would apply, and removal would be proper.

Defendants, who have the burden of establishing jurisdiction by a preponderance of the evidence, *see Altimore v. Mount Mercy College*, 420 F.3d 763 (8th Cir. 2005), responded that ERISA does apply because the plans filed annual disclosure documents called Form 5500's with the Department of Labor and because plaintiffs' causes of action are predicated primarily on defendants' alleged violations of fiduciary duties imposed by ERISA.

Plaintiffs reply that the filing of the Form 5500's is not dispositive as the filing of Form 5550's are required for plans that are generally exempt from ERISA's provisions, that ERISA does not apply to plans whose only participants are the owner and his, or her, spouse which they allege is the case here, and that ERISA does not apply as they do not assert that McAlister was a fiduciary of the plans.

Form 5500 is filed with the Internal Revenue Service which provides copies to the Department of Labor and the Pension Benefit Guaranty Corporation.  According to the IRS's Instructions for 5500-EZ there are circumstances where a Form 5500 would be filed for a one participant plan with assets of $100,000.00 or more.  Exhibit two to plaintiffs' reply brief is an affidavit by Mrs. Griggs which states that the pension plan was not an ERISA plan and she was advised to file a Form 5500 on behalf of this plan because it had asset of more than $100,000.00. The Court finds that the filing of the Form 5500 is not determinative on this issue.

The parties agree that if the only participants in a plan are the owner and, his or her spouse, then the plan does not provide benefits to "employees" sufficient to mandate ERISA coverage.

The plaintiffs do not dispute that the retirement and profit sharing plans, at one time, allowed employees, other than the owner and his, or her spouse, to participate.   They contend, however, that no contributions have been made since June 30, 2001 and all substantive contributions have been distributed as of February 9, 2007 resulting in the only participants in the retirement and profit sharing plans when the law suit was filed were the owner and his wife.

Plaintiffs additionally contend that even if the retirement and profit sharing plans are covered by ERISA, the monies which they contend were invested improperly, and which forms

the basis of their lawsuit, were only distributed from the "pension plan" and it not disputed that at the time the lawsuit was filed, the only participants in the pension plan were Dr. Griggs and his wife. There is a dispute whether the pension fund ever had any participants other than the owner and his wife.

Defendants argue that any participation in any plan by other employees is sufficient to mandate ERISA coverage. In support of their position, defendants cite *Leonard v. Educators Mutual Life Ins. Co.*, 2007 WL 3085866 (E.D. Pa. 2007) for the proposition that if an employee benefit plan is governed by ERISA at its inception, it continues to be covered by ERISA. The *Leonard* case, as well as the plaintiffs, rely on *In re Stern*, 345 F.3d 1036, 1041 (9th Cir.2003), *cert. denied*, 541 U.S. 936 (2004) (*emphasis added*) (*citing Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 407-08 (9th Cir.1995), *cert. denied*, 516 U.S. 942, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995)) which holds that the ERISA status of a "employee welfare benefit plan" is determined at its inception while the status of an "employee pension plan" is determined as of the filing of a claim or lawsuit. Thus, a determinative issue based upon the *In re Stern* case is whether the plans are employee welfare benefit plans or employee pension plans.

29 U.S.C. § 1002(1) defines an ERISA-qualified welfare benefit plan as one "established or maintained ... for the purpose of providing [benefits] for its participants or their beneficiaries[.]" 29 U.S.C. § 1002(1). In contrast, a pension plan is ERISA-qualified only "to the extent that by its express terms or as a result of surrounding circumstances [the pension plan] provides retirement income to employees, or ... results in a deferral of income by employees for periods extending to the termination of covered employment or beyond. " 29 U.S.C. § 1002(2)(A)(i). Under these definitions, the pension plan and the retirement plan would be

considered pension plans, and profit sharing plan could be either be a welfare benefit plan or a pension plan depending on how it was structured.

If the monies at issue came only from the pension plan, plaintiffs' motion for remand should be granted because at the time of the lawsuit, the only participants in that plan were Dr. Griggs and his wife.  However, if the monies were distributed from all the plans, remand would be warranted only if the profit sharing plan was, in effect, a pension plan which would result in all the plans being pensions plans with the only participants in these plans being Dr. Griggs and his wife at the time the lawsuit was filed.

Remand would also be warranted if McAlister did not serve as a fiduciary of any of the plans.  Plaintiffs contend that their claims are based upon McAlister breach of a fiduciary duty as an accountant and not as a fiduciary of any of their plans.

ERISA provides that a " 'person is a fiduciary with respect to a plan,' and therefore subject to ERISA fiduciary duties, 'to the extent' that he or she 'exercises any discretionary authority or discretionary control respecting management' of the plan, or 'has any discretionary authority or discretionary responsibility in the administration' of the plan." *Varity Corp. v. Howe*, 516 U.S. 489, 498, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (*quoting* ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)).

In *Anoka Orthopaedic Assoc., P.A. v. Lechner,* 910 F.2d 514, 517 (8th Cir.1990), the Court of Appeals for the Eighth Circuit held that an outside attorney and a benefits consultant were not fiduciaries when providing the professional services for which they were hired. However, in *Olson v. E.F. Hutton & Co., Inc.*, 957 F.2d 622, 625 (8th Cir.1992) the Eighth Circuit held that "[a] person who usurps authority over a plan's assets and makes decisions about

5

the use or disposition of those assets ... [is] acting as a fiduciary."

Under Eighth Circuit precedent, if McAlister exercised effective control over the plans assets to involve those assets in transactions in which he had a personal interest, then he would be considered a fiduciary.  *See Martin v. Feilen*, 965 F.2d 660 (8th Cir. 1992).

Plaintiffs' complaint alleges that McAlister is a plan fiduciary of the plans with discretionary authority over the allocation, investment, and disbursement of plan assets. Defendants' answer states that McAlister is a certified public accountant and denies that McAlister was an investment advisor, or a plan fiduciary with any authority whatsoever regarding the plans.  Based upon the record, the Court cannot determine the extent of McAlister's involvement with the plans.

The Court finds that an evidentiary hearing is necessary to determine factual issues which are determinative on whether remand is appropriate and will allow discovery on whether the monies at issue came only from the pension plan, if the profit sharing plan is structured as a pension plan, and the extent of McAlister's discretionary authority over the allocation, investment, and disbursement of plan assets.

The Court will hold an evidentiary hearing on the Motion to Remand on June 12, 2008 beginning at 9:00 a.m.   All discovery on these issues should be completed by May 22, 2008.

IT IS SO ORDERED THIS   27   day of  March , 2008.

James M. Moody
United States District Judge